IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS | § | Case Number: 2:05CR3 (25) |
| | § | |
| OLANDARIS DEMONTRAY FEGGETT | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On April 20, 2009, the court held a final hearing on the government's petition (#1124) to revoke supervised release. The government was represented by Assistant United States Attorney Richard Moore. The defendant was represented by Mr. Ken Hawk.

Olandaris Demontray Feggett was sentenced on December 21, 2005, before The Honorable U.S. District Judge T. John Ward of the Eastern District of Texas – Marshall Division, after pleading guilty to the offense of Possession with Intent to Distribute and Distribution of Cocaine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of I, was 10 to 16 months. Olandaris Demontray Feggett was subsequently sentenced to 10 months imprisonment to be followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and drug aftercare. On January 27, 2006, Olandaris Demontray Feggett completed his period of imprisonment and began service of the supervision term.

On January 14, 2009, the instant petition to revoke was filed. In its petition, the government alleges the defendant violated the following conditions:

1) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related

to such substances, except as prescribed by a physician. Specifically, the government alleges as follows: On September 24, 2008; November 17, 2008; December 16, 2008; and January 7, 2009, Olandaris Feggett submitted urine specimens which tested positive for marijuana. Mr. Feggett admits to using marijuana on or about September 15, 2008; November 15, 2008, and December 25, 2008.

2) The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. Specifically, the government alleges as follows: On December 3 and 31, 2008, Olandaris Feggett failed to participate in a program of treatment for drug abuse. On December 4 and 19, 2008, Mr. Feggett failed to participate in a program of testing for drug abuse.

At the hearing on the government's petition, and after consenting to the undersigned's taking the plea, the defendant pled true to the allegations as set forth above. Based on the defendant's plea of true to the allegations, and with no objection by the defendant or the government, the court found that the defendant did violate the conditions of his supervised release as alleged in the U.S. Probation Office's petition.

The court thereafter recommended that the defendant be sentenced to time served with 12 months of supervised release to follow. Based on the foregoing, it is

**RECOMMENDED** that the defendant's plea of true to the allegations as set forth in the government's petition be **ACCEPTED**. Based upon the defendant's plea of true to the allegations, it is further recommended that the court find that the defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the defendant be sentenced to time served and continued on

supervised release for a term of 12 months.

At the close of the April 20, 2009, revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the Court may act on the report and recommendation immediately.

SIGNED this 20th day of May, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE